# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**MILLENKAMP CATTLE, INC,**<br><br>    Debtor. | Case No. 24-40158-NGH |
| **MILLENKAMP CATTLE, INC and EAST VALLEY CATTLE, LLC**<br><br>    Plaintiffs,<br><br>v.<br><br>**EAST VALLEY DEVELOPMENT, LLC,**<br><br>    Defendant. | Adv. No. 25-8003-NGH |

## MEMORANDUM OF DECISION RE RULE 8008 INDICATIVE RULING

Before the Court is a motion for reconsideration (the "Motion") filed by defendant East Valley Development, LLC ("EVD"). Doc. No. 131. In the alternative, EVD seeks a stay pending appeal.[1] EVD asks the Court to modify its April 16, 2025, order denying EVD's motion to compel arbitration (the "Order"). Doc. No. 30. The plaintiffs ("Debtors") oppose reconsideration and a stay pending appeal. Doc. No. 133. After a hearing on July 28, 2025, the parties submitted supplemental briefs. Doc. Nos. 138, 139.

---

[1] Any reference to the "Motion" as a defined term refers specifically to EVD's request for reconsideration and not the alternative relief contained in the motion at Doc. No. 131.

MEMORANDUM OF DECISION - 1

Pursuant to Rule 8008(a)[2] and for the reasons that follow, the Court respectfully indicates to the District Court that if it were to remand the case, the Court is inclined to grant EVD's request for reconsideration.

**BACKGROUND AND FACTS**

Prepetition, Debtors entered into two agreements with EVD, under which EVD was permitted to construct and operate a biogas production facility at Debtors' dairy (the "Contracts"). The Contracts included mandatory arbitration clauses for dispute resolution.[3] Thereafter, the parties had numerous disagreements, which came to a head in late January when Debtors filed a demand for arbitration against EVD for breaching the Contracts. Debtors later withdrew that demand and filed this adversary proceeding asserting similar claims. EVD filed a motion to compel arbitration, seeking to assert counterclaims against Debtors for Debtors' alleged breach. Doc. No. 6. In short, both parties maintained that the other breached the Contracts.

After an evidentiary hearing, the Court entered the Order denying EVD's motion to compel arbitration. Doc. No. 30. In doing so, the Court acknowledged the strong federal policy favoring arbitration but determined that arbitration of the parties' dispute would conflict with underlying purposes of the Bankruptcy Code. As a practical matter, there was significant overlap between the issues the Court needed to decide in connection with confirmation of Debtors' plan, which proposed to assume the Contracts pursuant to

---

[2] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101-1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

[3] The parties do not dispute the validity and enforceability of these provisions.

MEMORANDUM OF DECISION - 2

§ 365, and the issues EVD sought to have decided by the arbitrator.[4]  The Court concluded a potential adverse impact existed on the plan confirmation process, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), as granting EVD's motion to compel would result in inefficient delay, duplicate proceedings, or collateral estoppel effect.  Additionally, given that confirmation of a chapter 11 plan implicates the interests of all parties to the bankruptcy case, the Court declined to outsource adjudication of issues involving § 365 to a venue where other parties could not participate.  EVD filed a notice of appeal to the District Court and a motion for leave to appeal the Order.  Doc. Nos. 33, 34.

    Thereafter, the case progressed toward confirmation, and the confirmation hearing was scheduled for the week of June 2nd.  While the confirmation hearing was underway, Debtors successfully negotiated a consensual chapter 11 plan with all stakeholders, including EVD.  Notably, the parties agreed that instead of paying through the plan any damages resulting from a breach of the Contracts, any damages EVD was entitled to recover as a result of Debtors' default would be treated as an offset against and up to the amount EVD may owe to Debtors.  Given this agreement, it became unnecessary to determine EVD's damages, if any, in the context of confirmation.  The Court conducted an evidentiary hearing and found the Debtors were in default under the Contracts, but that the requirements of § 365(b) were satisfied, permitting Debtors to assume the Contracts.

---

    [4] Before the Contracts could be assumed pursuant to § 365, it was necessary to determine if Debtors had defaulted under the Contracts and, if so, whether Debtors could cure the default, compensate EVD for any actual pecuniary loss resulting from such default, and provide adequate assurance of future performance under the Contracts as required by § 365(b)(1)(A)-(C).

MEMORANDUM OF DECISION - 3

The Court issued its ruling on confirmation of the plan and approved assumption of the Contracts subject to the parties' agreement concerning the treatment of EVD's damages.

Now that Debtors' plan has been confirmed, EVD asks the Court to reconsider and modify its Order to allow for arbitration of the remaining claims, dismiss Debtors' complaint with prejudice, and close the adversary proceeding.

**ANALYSIS**

**A.    Jurisdiction**

As a preliminary matter, Debtors argue this Court lacks authority to grant the Motion because EVD appealed the Order. The Court agrees. In general, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Absent a stay pending appeal, a bankruptcy court has jurisdiction to proceed on all other aspects of the case, including "all other matters that it must undertake 'to implement or enforce the judgment or order.'" *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (quoting *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000)). It may not, however, "alter or expand upon the judgment" or order that is on appeal. *Id.* Here, granting the Motion would clearly alter the Order, yet EVD seeks relief in this Court rather than moving to dismiss the pending appeal or for other relief in the District Court. While proceeding in this manner leaves the Court in a

MEMORANDUM OF DECISION - 4

jurisdictional quandary, Rule 8008 addresses such predicaments. Pursuant to Rule 8008(a):

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the bankruptcy court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion;
>
> (3) state that it would grant the motion if the court where the appeal is pending remands for that purpose; or
>
> (4) state that the motion raises a substantial issue.

Therefore, even though the Court lacks authority to grant the Motion, the Court issues this indicative ruling pursuant to Rule 8008(a).

**B.     Reconsideration of the Order**

In addition to the Court's inherent powers, EVD cites Civil Rule 60(b), made applicable to this proceeding by Rule 9024, as grounds for relief. In relevant part, Civil Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

EVD asserts all issues pertinent to confirmation have been resolved, and the only matters that remain are non-core, non-bankruptcy issues, namely the determination of (i) EVD's counterclaim damages and (ii) Debtors' damages (if any) in connection with Debtors'

MEMORANDUM OF DECISION - 5

claims against EVD.  Therefore, the impetus for overriding the federal policy in favor of arbitration no longer exists and reconsideration is warranted.

The Court considers relief under Civil Rule 60(b)(5) and (b)(6) in turn.

1. Civil Rule 60(b)(5)

EVD asserts that applying the Order prospectively is no longer equitable.  Relief under (b)(5) "applies only to those judgments that have prospective application." *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008).  "Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect. . . . That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application.'"  *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).  "Instead, the 'standard used in determining whether a judgment has prospective application is whether it is [1] executory or [2] involves the supervision of changing conduct or conditions.'"  *FTC v. Hewitt*, 68 F.4th 461, 467 (9th Cir. 2023) (quoting *Maraziti*, 52 F.3d at 254) (alterations in original).  For purposes of (b)(5), a judgment is executory if it compels a party to perform or restrain from performing a future act.  *See id.* (citing *California by & through Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 717 (9th Cir. 2020)) (explaining monetary judgment that requires nothing from defendant other than paying the money awarded is not executory but instead offers a "present remedy for a past wrong").  Put another way, "a judgment that is 'immediately final and require[s] nothing of the parties or the . . . court going forward' is not prospective even though the parties remain bound by that judgment."

MEMORANDUM OF DECISION - 6

*Nicosia v. Amazon.com, Inc.*, 2023 WL 309545, at *2 (2d Cir. Jan. 19, 2023) (quoting *Tapper v. Hearn*, 833 F.3d 166, 171 (2d Cir. 2016)) (alteration in original).

The party seeking reconsideration of an order under Civil Rule 60(b)(5) must demonstrate a "significant change in either factual conditions or in law has occurred." *In re Scott*, 2009 WL 2923082, at *2 (Bankr. D. Idaho Sept. 10, 2009) (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992); *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005)). Pertinent here, modification is warranted if the change in conditions "renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009).

The Order falls within the ambit of (b)(5) because it has the prospective force of continuing to deny EVD's ability to submit the remaining issues to arbitration and requiring the parties to litigate them before this Court instead. EVD asserts significant changed conditions warrant modification of the Order—the Debtors' plan has been confirmed, all core bankruptcy issues have been resolved, and there is no identifiable conflict with any purpose of the Code in enforcing the arbitration agreement going forward. Debtors disagree. Debtors argue the remaining issues are intertwined with a core proceeding—the implementation of Debtors' confirmed plan—and it would conflict with underlying purposes of the Code to enforce the arbitration agreement. Debtors point to the plan provision that provides the Court retains jurisdiction as is necessary to ensure that the plan's purpose and intent are carried out and argue it would be inefficient and wasteful for the parties to resolve the remaining matters through arbitration. After all, the Court is already familiar with the issues from the evidentiary hearing and the parties

MEMORANDUM OF DECISION - 7

anticipate further disputes will arise.[5]  Therefore, according to Debtors, the fundamental circumstances underlying the Court's entry of the Order are unchanged.

As cited in the Court's April 16 ruling, "[b]efore a bankruptcy court elects to excuse the parties from their agreement to arbitrate, there must be a showing that the 'potential adverse impact on core proceedings—resulting in inefficient delay, duplicate proceedings, or collateral estoppel effect—[is] substantial enough to override the federal policy favoring arbitration.'" *In re Snake River Dairyman's Ass'n, Inc.*, 2004 WL 4960361, at *4 (Bankr. D. Idaho Mar. 31, 2004) (citation omitted) (alteration in original). Even assuming the remaining claims involve core proceedings as Debtors contend, the Court finds no conflict between permitting arbitration to proceed and an underlying purpose of the Code. *See Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011, 1021 (9th Cir. 2012) (holding that "even in a core proceeding . . . a bankruptcy court has discretion to decline to enforce an otherwise applicable arbitration provision only if arbitration would conflict with the underlying purposes" of the Code). The treatment of EVD's claim against Debtors, if any, is comprehensively provided for in the confirmed plan and damages are limited to offset. Stated differently, the remaining issues are incidental to assumption of the Contracts under § 365 and, as such, resolution of those issues does not bear on implementation of

---

[5] Because the scope of bankruptcy court jurisdiction diminishes with plan confirmation, it is unclear whether this Court retains subject matter jurisdiction to adjudicate any future disputes that may arise between the parties regarding the Contracts. *See In re Nobel Grp., Inc.*, 529 B.R. 284, 291 (Bankr. N.D. Cal. 2015) (noting that bankruptcy court jurisdiction is conferred by statute, and parties to litigation cannot confer subject matter through retention of jurisdiction provisions in a chapter 11 plan where that jurisdiction does not exist).

MEMORANDUM OF DECISION - 8

the plan or implicate the interests of other parties to the bankruptcy case. Furthermore, there is no risk of collateral estoppel, and while Debtors' assertion that arbitration will result in duplicative proceedings and waste is a legitimate concern, it is not substantial enough to override the federal policy favoring arbitration under these circumstances.

As to why continued application of the Order would be detrimental to the public interest, EVD points to the federal policy favoring enforcement of valid arbitration agreements and the enforcement of contracts. Debtors assert there is no public interest at stake but only EVD's private interest, which is insufficient to warrant modification of the Order. *See In re Brown*, 547 B.R. 846, 855 (Bankr. S.D. Cal. 2016) (citing *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 977 F.2d 558, 562-63 (Fed. Cir. 1992)) (equitable considerations applicable to (b)(5) cannot merely involve private interests given public interest in finality of judgments and sanctity of bargains). EVD's private interests aside, not allowing arbitration to proceed given the changed conditions would be detrimental to the public interest in enforcing contracts and valid arbitration agreements. At this juncture, it is no longer necessary to override the parties' agreement to arbitrate, and the Court is inclined to modify the Order under (b)(5).[6]

---

[6] At the hearing on July 28, 2025, there was some discussion regarding whether the Order was final or interlocutory and whether it was subject to reconsideration pursuant to Civil Rule 60(b) or the Court's inherent authority and Civil Rule 54(b). The parties took different avenues but arrived at the shared conclusion that the Court has authority to modify the Order under 60(b). Even if Civil Rule 54(b) applies, reconsideration of an order pursuant to a court's inherent authority is less exacting than 60(b) and, as such, reconsideration would also be appropriate under 54(b). *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885-87 (9th Cir. 2001) (discussing court's inherent authority to reconsider, rescind, or modify its own interlocutory orders for cause seen by it to be sufficient).

MEMORANDUM OF DECISION - 9

2. Civil Rule 60(b)(6)

EVD also cites Civil Rule 60(b)(6) as grounds for relief from the Order. As observed by the Ninth Circuit in interpreting this provision,

> Rule 60(b)(6) should be "liberally applied," "to accomplish justice." At the same time, "[j]udgments are not often set aside under Rule 60(b)(6)." Rather, Rule 60(b)(6) should be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion."

*In re Lossee*, 2019 WL 4923150, at *6 (Bankr. D. Idaho Oct. 4, 2019) (quoting *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007)). Additionally, a "motion brought under 60(b)(6) must be based on grounds other than those listed in the preceding clauses." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). "Clause 60(b)(6) is residual and must be read as being exclusive of the preceding clauses." *Id.* (internal quotations omitted). As grounds for relief under (b)(6), EVD again cites changed conditions and the inequity of applying the Order prospectively. These circumstances fall within (b)(5) and, therefore, the Court is not inclined to grant relief under (b)(6).

**CONCLUSION**

For the reasons stated herein, the Court respectfully indicates to the District Court that if it were to remand the case, this Court is inclined to grant the Motion for reconsideration and modify its April 16, 2025, Order. Pursuant to Rule 8008(b), EVD is

MEMORANDUM OF DECISION - 10

directed to promptly provide a copy of this Memorandum to the District Court for its consideration and, if it is so inclined, action.

DATED: August 19, 2025



NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 11